# In the Court of Common Pleas of Delaware County.

## ROOT & RUST *v.* OIL CREEK AND ALLEGHENY RIVER R. R. CO.

It seems that there can be no *testatum* writs of execution against a corporation. The act of 1870 provides for none.

A *fi. fa.* was issued, immediately returned *nulla bona* and a *testatum* issued to the same return day. The latter writ held irregular and set aside.

Application to set aside test. fi. fa. and restrain further proceedings.

Rule to show cause, &c.

Opinion delivered Aug. 5, 1874, by

BROOMALL, P. J. Judgment was entered in this case upon the verdict of a jury July 7th, 1874, for $118,167.77; the same day a *fi. fa.* was issued returnable fourth Monday of July, 1874, and returned *nulla bona.* On the next day a *testatum fi. fa.* was issued returnable to the same return day, and on July 11, 1874, David McCargo was appointed receiver of the defendants under a mortgage of all its property and franchises, dated May 1st, 1868.

The issuing of the *fi. fa.* against a corporation is provided for by the act of April 7th, 1870. That act makes no express provision for a *testatum fi. fa.* Does it by implication? The act of 1870 is peculiar; it authorizes a *fi. fa.* from the court in which judgment is entered, and empowers the sheriff or other officer to levy upon the property and franchises of the defendant in any and every county of the commonwealth. This seems to preclude the necessity for a *testatum.* Indeed, it would leave no function for a *testatum.*

It might be argued that under the act of 1836 a *testatum* may follow any *fi. fa.* But in Bayard's Appeal, 22 P. F. S. 453, it is held that the act of 1870 supercedes the remedy by sequestration under the act of 1836, and does not change the right of the parties so as to give the plaintiffs an advantage over other creditors, and that the levy does not create a lien upon the property seized.

This makes the *fi. fh.* under the act of 1870 *sui generis.*

Indeed, so peculiar is it, that it will hardly do to infer that a *testatum* may follow in the absence of all necessity and all functions for a *testatum.*

The *fi. fa.* under the act of 1870 is not a writ of execution for the benefit of the plaintiff only. It is a writ to sequester the goods for the benefit of all the creditors, and might with equal propriety have been called by any other name. It has no other resemblance to an ordinary *fi. fa.* than that it issues upon a judgment, and at the instance of the plaintiff.

The writ issues to the sheriff or other officer of the county in which the judgment is entered and operates all over the State. If it is desired that the sheriff of any other county than the one in which judgment was recovered should execute the process of sequestration, it is easy to procure the judgment to be entered in such county.

But if we admit that a *testatum* is authorized by the act of 1870, the question arises, is the *testatum* in this case regular? The act of 1836 provides, that if the defendants have no property in the county in which the judgment is recovered, the plaintiff may issue a *testatum* to any other county without any previous writ, upon making affidavit of the fact of there being no property in the county. It is only where there is no property in the county that the plaintiff is entitled to a *testatum*, and from the dictum of the District Court, in Boyer v. Kimber it would seem necessary that the record should show this fact. There are two modes by which this may be brought about. The issuing and the return of a *fi. fa.* and the affidavit.

In this case the plaintiff chose the former. Has he duly followed it? To allow a *testatum* to issue immediately after a *fi. fa.*, and to the same return day, without search for goods in the county, and with no other evidence of want of goods than the immediate return of *nulla bona*, would seem to defeat the intention of the act of 1836. The act provides the affidavit as the only means of dispensing with the actual search for goods in the county. Besides this, though a writ may be returned in fact before the return day, yet generally no action can be predicated upon the return until that day has passed. Hence, generally, the return is not complete until the return day. In the case of Lesher v. Gehr, 1 Dall. 330, it is held that a term must intervene after the return of *nulla bona* on the *fi. fa.* before the *testatum* issues, by which it doubtless meant that the return day of the *fi. fa.* must pass.

It is contended on the part of the plaintiff, that the receiver has no status justifying his application. But the application is not made by him alone; at the time of the presenting of his petition, the counsel for the defendants made a motion to set aside the *testatum*, &c., and exhibited an affidavit of the treasurer of the company accompaning the papers. The motion was for a distinct rule on the part of the defendants; a single rule, however, was granted upon both applications.

But it is not clear that the receiver has no such status. He would have had if the *fi. fa.* had issued after his appointment: Robinson v. Railroad Co, 16 P. F. S. 160.

In either case the effect is the same on the receiver's rights. In either case the levy and sale are subject to the mortgage. The interest of the receiver is therefore the same in both cases.

On these grounds the *testatum* is held to be irregular, and is set aside, and the rule prayed for is made absolute thus far and no further.